# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ROBERT J. MARTIN,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

NO. EDCV 11-1723 AGR

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Robert J. Martin filed this action on November 7, 2011. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on December 2 and 19, 2011. (Dkt. Nos. 8, 9.) On August 23, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court remands this matter to the Commissioner for proceedings consistent with this opinion.

**I.**

**PROCEDURAL BACKGROUND**

Martin filed applications for disability insurance benefits and supplemental security income on October 26 and 27, 2009, respectively. Administrative Record ("AR") 27, 136-40. In both applications, he alleged a disability onset date of April 1, 2007. AR 27, 136, 138. The applications were denied initially and on reconsideration. AR 27, 107-10. Martin requested a hearing before an Administrative Law Judge ("ALJ"). AR 124. On October 19, 2010, the ALJ conducted a hearing at which Martin, a medical expert, and a vocational expert testified. AR 83-106. On November 23, 2010, the ALJ issued a decision denying benefits. AR 27-34. On September 7, 2011, the Appeals Council denied Martin's request for review. AR 1-6. This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Martin has the severe impairments of lumbar spine degenerative disc disease, obesity, and impairments in the bilateral upper extremity. AR 29-30. His impairments do not meet or equal a listing. *Id.* He has the residual functional capacity to perform light work, with the following limitations: sit, stand or walk for 6 hours in an 8 hour day, occasionally climb stairs, occasionally balance, kneel and crawl, frequently bend and stoop, never climb ladders, scaffolds, or ropes, occasionally use lower extremities for pushing, pulling, and operating foot controls, and frequently use both upper extremities for gross and fine manipulation. AR 30. Martin can perform his past relevant work in Automobile Sales and Computer Systems. AR 33.

### C. Credibility

Martin contends the ALJ improperly discounted his subjective testimony.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably

be expected to produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*)). The ALJ found that Martin's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." AR 31.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (citing *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

Here, the ALJ made no finding of malingering. *See generally* AR 27-33. He found that Martin's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 31.

As the ALJ noted, Martin alleged that he suffers from chronic pain syndrome in the joints, knee, shoulders, hand, back and ankle, ruptured spleen, fractured lumbar, lacerated liver, shattered right arm, broken ribs, high blood pressure, and poor circulation. AR 31, 158. Martin testified that he suffers from cluster migraines that come about once a year and last three to four months. AR 31, 88-89. He has pain, stiffness, and limitation on movement in his lower lumbar area. AR 89-90. He has pain that radiates down his right leg to his right knee and down his left leg to his left foot. AR 90. His worst pain is in his left leg, left arm, and right hand and wrist. AR 97. He takes two Percocets to shower. AR

4

91. The Percocet makes him drowsy. AR 31, 98, 166. He can sit for "a few minutes." AR 31, 91, 158, 167. He can stand "longer" because he can move around. AR 31, 92, 158, 167. He can walk "maybe a couple of blocks." AR 31, 92, 158, 167. He frequently uses a cane when he is outside the house. AR 31, 92. He can lift up to 25 pounds for a "very . . . short period." AR 31, 92. He does not do any household chores or grocery shopping. AR 31, 93. He mostly stays around the house and watches television. AR 93-94.

The ALJ discounted Martin's credibility for three reasons: (1) a spotty treatment history; (2) lack of objective medical evidence supporting the degree of limitations; and (3) inconsistent statements.

The ALJ found Martin's credibility "diminished" based on his "spotty treatment history." AR 32-33. After Martin's motor vehicle accident and emergency room visit in April 2007, Martin did not seek further treatment until November 2008, when he first saw Dr. Anabi. AR 32, 247-48. Martin next sought treatment in August 2009 when he visited the emergency room with complaints of pain in his heels and legs. AR 32, 210-13. He was diagnosed with lower extremity pain, neuropathy, and hypertension. AR 213. He was given Toradol and Dilaudid for pain and Labetalol for high blood pressure. AR 212. Upon discharge, he was feeling well and was able to ambulate without significant discomfort. AR 212-13. Martin next saw Dr. Anabi in October 2009, complaining of leg/foot pain, swelling and discoloration. AR 245. Martin saw Dr. Anabi once a month from October 2009 through February 2010 for blood pressure checks, skin discoloration and swelling, occasional complaints of pain, and medication refills. AR 239-44. Martin next saw Dr. Anabi five months later in July 2010, and then monthly thereafter for "follow-up on disability," occasional complaints of pain, and medication refills. AR 237-38; 259-81.

Martin argues that no adverse credibility finding is warranted because he lacked the financial ability and/or medical insurance to obtain further treatment.

5

JS 9; *see also* AR 90, 212. An ALJ may find a claimant's complaint about disabling pain unjustified or exaggerated if the claimant fails to seek treatment. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, failure to seek medical treatment cannot support an adverse credibility finding when it is due to lack of funds or medical coverage. *Id*.

The ALJ also discounted Martin's credibility based on the lack of consistency between his allegations and the objective medical evidence. AR 33. Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ cited Martin's allegations of problems with a fractured arm and broken ribs, yet noted that x-rays taken after his April 2007 motor vehicle accident showed no evidence of any fracture, dislocation or other bony impairment in the upper extremities or ribs. AR 33, 195-201. The ALJ cited Martin's alleged liver and spleen problems, yet noted that the record reflected liver and spleen problems in 1979 or 1980, not at the time of the alleged onset date in 2007. AR 33, 97, 215. The ALJ cited Martin's allegation that he needs a cane to assist his ambulation, yet noted that his gait was normal and steady during the consultative examination. AR 33, 219. The consultative examiner found that Martin was able to change position and get on and off the examining table without difficulty, and no assistive aid was required for ambulation across the room. AR 219.

Finally, the ALJ noted, without citation, that Martin's statements and allegations were inconsistent with other statements he made about his conditions and limitations. AR 33. An ALJ may consider inconsistencies in a claimant's statements when weighing a claimant's credibility. *Thomas*, 278 F.3d at 958-59. However, the ALJ's findings need to be sufficiently specific to allow a reviewing court to determine that the decision to reject the testimony was not arbitrary.

*Bunnell*, 947 F.2d at 345; *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.") (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings regarding Martin's inconsistent statements are not sufficiently specific to enable review by this court.

The ALJ's credibility determination is not supported by substantial evidence. The ALJ erroneously relied upon Martin's failure to seek treatment in discounting his credibility. In addition, the ALJ's findings were not sufficiently specific regarding inconsistencies in Martin's statements. The remaining reason for discounting Martin's subjective testimony – lack of supporting objective medical evidence – cannot form the sole basis for discounting pain testimony. On remand, the ALJ should reevaluate Martin's credibility.[1]

### D. Treating Physician

Martin contends the ALJ improperly rejected the opinion of his treating physician, Dr. Anabi.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn*, 495 F.3d at 631. To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the

---

[1] Martin contends that the ALJ did not properly consider his "outstanding work history" under 20 C.F.R. § 404.1529(c)(3) and Social Security Ruling 96-7p when assessing his credibility. JS 10 n.3. The ALJ noted that he considered all evidence under the requirements of 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p. AR 30. The ALJ is free to consider Martin's work history on remand.

facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas*, 278 F.3d at 956-57 (citation and quotation marks omitted).

The record contains treatment notes and three documents from Dr. Anabi reflecting his opinion regarding Martin's limitations. AR 74-77, 234, 237-48, 254-55, 259-81. In a letter dated February 9, 2010, Dr. Anabi stated that Martin has been his patient since November 2008. AR 234. Martin suffers from injuries received from a fall from a crane in 1980, including a lumbar fracture of five vertebrae, an arm fracture, a rib fracture that punctured a lung, and damage to his Achilles tendon. *Id.* His injuries were "further aggravated" by significant injuries from a motorcycle accident in 2007. *Id.* Martin suffers from chronic pain, limited use of his left arm, and hypertension. *Id.* Dr. Anabi opined that Martin "is disabled and unable to maintain work." *Id.* Martin "needs to receive disability benefits as soon as possible" to control his hypertension and manage his chronic pain syndrome. *Id.*

On July 21, 2010, Dr. Anabi provided a medical source statement concerning the nature and severity of Martin's physical impairments. AR 74-77. Martin suffers from hypertension and chronic pain syndrome. AR 76. Martin's primary symptoms are back pain and leg pain with spasms and reduced range of motion. AR 74. His pain is not relieved with medication. *Id.* Martin can sit, stand or walk up to 2 hours in an 8-hour day, and cannot sit continuously. AR 75. He can occasionally lift 20 pounds. *Id.* He has significant limitations in doing repetitive reaching, handling, fingering or lifting. *Id.* His condition interferes with his ability to keep his neck in a constant position. *Id.* While engaging in occasional standing or walking, he must use a cane or other assistive device. *Id.* He has vision limitations and needs to avoid temperature extremes and heights.

AR 76. He cannot push, kneel, pull or bend. *Id.* He would be absent from work more than three times per month as a result of his impairments or treatment. AR 77. Dr. Anabi stated that his description of the symptoms and limitations in the medical source statement applied as of November 17, 2008. *Id.*

The ALJ gave Dr. Anabi's opinions "no weight." AR 32. The ALJ noted that: (1) Dr. Anabi stated "on three different occasions that [Martin] is not capable of working in the national economy" (AR 32, 234, 246, 249-52); (2) Dr. Anabi opined that Martin's chronic pain and financial hardship negatively affect his prognosis and that Martin needs benefits (AR 32, 234); and (3) Dr. Anabi's opinions regarding Martin's sitting, standing and walking capabilities and chronic pain syndrome were not supported by objective medical evidence. (AR 32, 250).

A treating physician's opinion as to the ultimate determination of disability is not binding on an ALJ. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). The existence of disability "is an administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity" and is reserved to the Commissioner. *Id.*

After the ALJ's decision, Martin submitted a January 26, 2011 Residual Functional Capacity Questionnaire and Dr. Anabi's treatment records covering the period August 6, 2010 through February 7, 2011. These documents were also made a part of the record by the Appeals Council. AR 5, 254-55, 258-81. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence") (citation omitted).

On the Residual Functional Capacity Questionnaire dated January 26, 2011, Dr. Anabi opined that Martin can sit, stand or walk for one hour at a time,

1    and sit or stand up to 3 hours total during an 8-hour workday. AR 254. He can
2    frequently lift/carry up to 10 pounds and occasionally lift/carry up to 20 pounds.
3    *Id.* He cannot do fine manipulation. *Id.* He can push, pull or perform simple
4    grasping with his left hand, but not with his right hand. *Id* He can occasionally
5    bend, climb and reach. *Id.* He cannot squat, crawl, stoop, crouch or kneel. *Id.*
6    He cannot use his feet for repetitive movements such as operating foot controls.
7    AR 255. He can frequently tolerate exposure to marked temperature changes.
8    *Id.* He can occasionally tolerate driving automotive equipment, being around
9    moving machinery, and tolerate exposure to dust, fumes gases and noise. *Id.*
10   He cannot be exposed to unprotected heights. *Id.* The objective signs of pain
11   are joint deformity and muscle spasm. *Id.* His pain is moderate, defined as pain
12   that is tolerated but would cause a marked handicap in the performance of the
13   activity precipitating pain. *Id.* He cannot stand for prolonged periods of time and
14   has severe migraine headaches. *Id.*

Because this matter is being remanded, and because the ALJ relied upon the objective medical evidence in assessing Martin's credibility, the ALJ should consider the new evidence from Dr. Anabi on remand.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for proceedings consistent with this opinion.

DATED: October 29, 2012

                          */s/ Alicia G. Rosenberg*
                          ALICIA G. ROSENBERG
                          United States Magistrate Judge